**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(TRENTON VICINAGE)**

| | | |
|---|---|---|
| LINDA A. EVANS | : | |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| PARAMOUNT PROPERTIES LAND | : | |
| VIII LLC. | : | |
| and | : | NO. |
| PARAMOUNT HOMES, LLC. | : | |
| and | : | |
| PARAMOUNT ESCAPES OCEAN | : | **COMPLAINT AND JURY DEMAND** |
| BREEZE | : | |
| and | : | |
| XYZ CORPORATIONS 1-10 fictitious | : | |
| names for owners, operators, controllers of | : | |
| motor vehicles and/or employees/employers, | : | |
| involved in the within accident, jointly | : | |
| severally or in the alternative) | : | |

**CIVIL COMPLAINT**

Plaintiff, LINDA A. EVANS, (hereinafter referred to as "Plaintiff") by way of Complaint

against the Defendants, Paramount Properties Land VIII LLC., Paramount Homes, LLC,

Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 (hereinafter referred to as

"Defendants") says:

**THE PARTIES**

1.    Plaintiff, Linda A. Evans, is an adult individual and resident of the State of New

Jersey with a personal address of 40 Gooseberry Drive, Barnegat, NJ 08005.("Subject premises")

2.    Defendant, Paramount Properties Land VIII, LLC., is a corporation and/or other

business entity, duly authorized to perform business in the state of New Jersey, who at all times

material hereto maintained a primary business address at 2431 Atlantic Avenue, Suite 1,

Manasquan, NJ 08736.

3.      Defendant, Paramount Homes, LLC., is a corporation and/or other business entity, duly authorized to perform business in the state of New Jersey, who at all times material hereto maintained a primary business address at 2431 Atlantic Avenue, Suite 1, Manasquan, NJ 08736.

4.      Defendant, Paramount Escapes Ocean Breeze, is a corporation and/or other business entity, duly authorized to perform business in the state of New Jersey, who at all times material hereto maintained a primary business address at 32 Honeysuckle Drive, Manahawkin, NJ 08050 and/or 2431 Atlantic Avenue, Suite 1, Manasquan, NJ 08736.

5.      Defendant, XYZ Corporations, (1-10), are fictitious names for the owners, operators, controllers, managers, homeowners associations and/or landlords of the property involved in the within incident, and employees/ employers, jointly, severally or in the alternative, and whose addresses are unknown at this time.

6.      At all times material hereto, Defendants, Paramount Properties Land VIII LLC., Paramount Homes, LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 were the owners, operators, controllers, managers, homeowners associations and/or landlords of the property located at 40 Gooseberry Drive, Barnegat, NJ 08005.

7.      At all times material hereto, Plaintiff did rent the property located at 40 Gooseberry Drive, Barnegat, NJ 08005, which was a Section 8 and/or rent-assisted domicile.

8.      At all times material hereto, Plaintiff did make all rent payments in a timely manner to Defendants.

<strong><u>JURISDICTION AND VENUE</u></strong>

9.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f) as this matter is one of Federal Question.

10. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

11. On or about, July 1, 2023, Plaintiff Linda A. Evans moved to the property located at 40 Gooseberry Drive, Barnegat, NJ 08005.

12. The property was advertised as being newly constructed.

13. Notably, Plaintiff is a disabled individual due to her asthma, pulmonary issues and life threatening allergies, which grants her certain protections under the Americans with Disabilities Act (ADA).

14. Beginning in or around, September or October of 2023, Plaintiff began to notice water leaks in and around the property, particularly near the windows and exterior doors.

15. Defendants sent maintenance to "repair" the water leaks, however, this only consisted of repainting the exterior doors. Notably this is not an appropriate remedy for water leaks.

16. Beginning in or around, December of 2023, Plaintiff began to notice mold related issues in the subject premises.

17. Defendants unjustly disputed with Plaintiff over the mold related issues and refused to make any repairs until June of 2024.

18. These repairs were completely ineffective and inefficient, which only involved spraying for mold and repainting again. No containment methods or replacements were put in.

19. Mold has continued to come through the repainting and to date mold issues continue to persist.

20. The mold and water leaks was only one (1) incident in Plaintiff's apartment.

21. When Plaintiff moved to the property, she informed and requested Defendants remove the carpet in the premises due to her disabilities as described above.

22. Plaintiff's doctor(s) even wrote a letter to this effect.

23. Defendant's took several months to eventually agree to remove the carpet, after immense disputes with Plaintiff.

24. Similarly, when Plaintiff requested an emergency transfer to an apartment near the subject premises, due to the mold related issues, the Defendants refused to remove the carpet, resulting in Plaintiff's inability to move.

25. Plaintiff's doctor, Dr. Hajee, required a testing of Plaintiff's attic for mold related conditions and potential insulation issues, in order to properly treat Plaintiff. NAL East was hired to perform said test, however, Trevor Holzworth, a representative of Defendants, refused to open the attic and allow for the testing.

26. Plaintiff's doctor also sent a letter to Defendants regarding Plaintiff's disabilities to request that Defendant's would only send a maximum of two (2) maintenance workers at a time to Plaintiff's premises and additionally requested that same would wear masks and/or remove their shoes when entering the premises.

27. This request was once again ignored by Defendants, and each of them. This resulted in Plaintiff becoming significantly ill with pulmonary and asthma related illnesses.

28. There were no legally required peepholes or chain locks on Plaintiff's exterior doors as required by law.

29. Throughout Plaintiff's tenancy at the subject premises, the HVAC and Dryer units, were consistently not serviced in a timely manner and would regularly only receive the required maintenance around the time of state mandated inspections.

30. Moreover, Defendants have refused to make addendum to Plaintiff's lease, to change the lease clause, which states that A/C malfunctions are not an emergency, despite a note from Plaintiff's doctor. This is a direct violation of NJAC 13:13-3.4(2).

31. Defendant's representatives, Patricia Hoffman and Trevor Holzworth, would regularly send out group emails to tenants, involving highly sensitive and private information of Plaintiff's and other tenants, including full legal names, personal emails, phone numbers, etc.

32. Despite Plaintiff's request for Defendant to cease same, Defendant's have continued to ignore this request.

33. Additionally, the builders of the subject premises, Jeffrey Fernbach and/or Eli Bleeman, were regularly sent letters by the Township regarding the deficiencies in Plaintiff's property and other residencies, which are ignored.

34. Notably, Defendants, and each of them, have a significant history of current and former tenants reporting and complaining of similar issues, in addition to previous violations.

35. Lastly, Defendant has been subject to significant harassment by employees of Defendants, and each of them.

36. Jeff Warrington, a maintenance supervisor of Defendants, who at all times material hereto was working within the course and scope of his employment with Defendants, has repeatedly subjected Plaintiff to sexual harassment including inappropriate text messages and other forms of communication, inappropriate comments, etc.

37. Moreover, employees of Plaintiff, including, but not limited to Jeff Warrington, have engaged, in acts of spying and/or surveillance of Plaintiff, including walking into Plaintiff's property without consent, keeping track of and making comments regarding her arrivals and departures to her own home, the individuals coming and going from her own home and even

comments about when she would wake up.

38.    Since Plaintiff did not consent to same, these discoveries could not have been made without the unauthorized spying and/or surveillance of Plaintiff.

39.    To date, Plaintiff continues to request copies of Plaintiff's work order requests to Defendants, from Defendant representative, Heather Browne. Ms. Browne continues to deny Plaintiff's requests.

40.    Defendants have continued to raise Plaintiff's rent amount above Plaintiff's social security increase despite their breaches of contract. Due to this being an emergency transfer, per Section 8 housing laws, Plaintiff's rent was supposed to remain at $780, which is the amount Plaintiff was paying in her previous residence. Defendants have refused to comply.

41.    The front gate to the housing community is continually left open and unlocked, despite Defendants advertising differently. This creates a danger to all individuals including Plaintiff.

42.    Additionally, the call box and/or kiosk continues to be installed in the incorrect area, and despite notices from the township, Defendants continue to not relocate same.

43.    As a direct result of the inattentive and dismissive actions and failures on the part of the Defendant to properly address the failing conditions in Plaintiff' property unit, Plaintiff has suffered significant health and safety related concerns which affected their physical and mental well being.

44.    As a direct result of the actions and/or inactions and omissions on the part of the Defendant, Plaintiff has suffered severe detriments to their health as a direct result of her exposure to mold from said property location.

45. Additionally, Plaintiff has been forced to expend various sums of money, the full extent of which have yet to be ascertained, to allow for better living conditions for herself and/or medical related expenses.

46. The failing conditions inflicted upon the subject premises, occurred as a result of the negligence, carelessness and recklessness of the Defendants, and all of them, by and through their agents, servants, workmen and/or employees, and was unprovoked and in no matter whatsoever due to any act or failure to act on the part of the Plaintiff.

<u>COUNT I</u>
<u>LINDA A. EVANS vs. ALL DEFENDANTS</u>
<u>NEGLIGENCE</u>

47. Plaintiff incorporates all of the aforementioned averments as though fully set forth herein at length.

48. Defendants' negligence consisted but was not limited to the following:

    a) failing to properly remedy the mold related conditions in Plaintiff's unit;

    b) failing to properly address the unhealthy and damaging mold related conditions in Plaintiff's unit for an extended period of time;

    c) failing to properly meet the obligations pursuant to the Lease agreement by and between the parties in terms of maintenance, care and upkeep;

    d) failing to properly inspect, maintain and oversee the condition of Plaintiff's rental unit to their great detriment and loss;

    e) failing to provide Plaintiff all of the rights and entitlements they were entitled to pursuant to federal and state law with regard to the quality of said rental unit within which he was renting;

f)   negligently failing to remediate the mold related conditions on a timely basis so as to avoid physical and emotional injury to Plaintiff;

g)   Negligently allowing employees of Defendants to engage in harassment and/or unauthorized surveillance of Plaintiff;

h)   Failing to properly screen and/or perform background checks on employees;

i)   Failing to provide an adequate alternative living space to Plaintiff;

j)   Failing to remove the carpet as requested by Plaintiff and Plaintiff's doctors;

k)   Failing to routinely check HVAC and dryer units as required; and

l)   Failing to install peepholes and/or chain locks on Plaintiff's exterior doors.

WHEREFORE, Plaintiff, Linda Evans, demands judgment against Defendants, Paramount Properties Land VIII LLC., Paramount Homes LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 for compensatory damages, including but not limited to front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such as seniority and entitlement, injunctive relief including but not limited to barring future discriminatory conduct; punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as may be provided by statute and as this Court deems just.

## COUNT II
## LINDA A. EVANS vs. ALL DEFENDANTS
## BREACH OF CONTRACT

49.   Plaintiff incorporates all of the aforementioned averments as though fully set forth herein at length.

50.    A lease rental agreement existed by and between Plaintiff and Defendants for which a meeting of the minds occurred, a writing existed and consideration was made and accepted by and between the parties.

51.    A breach of said lease agreement contract was made by the Defendants, as a direct result of their failure to meet the obligations of said lease agreement and their failure to timely make all necessary repairs and abate the mold related conditions and other failing conditions in Plaintiff's unit.

52.    As a direct result of the breach of contact of Defendants, Plaintiff have lost the use, efficacy and value of personal belongings and possessions, household items, family heirlooms, resulting in significant financial and emotional loss for Plaintiff.

53.    At no time did Defendants properly provide for the repairs, maintenance or upkeep that was essentially required under said lease agreement when they were properly informed of the mold related conditions and other failing conditions of said property.

54.    Thus, Defendants, and each of them, have breached their contract with the Plaintiff causing the Plaintiff to suffer significant injury and harm.

WHEREFORE, Plaintiff, Linda Evans, demands judgment against Defendants, Paramount Properties Land VIII LLC., Paramount Homes LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 for compensatory damages, including but not limited to front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such as seniority and entitlement, injunctive relief including but not limited to barring future discriminatory conduct; punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as may be provided by statute and as this Court deems just.

## COUNT III
## LINDA A. EVANS vs. ALL DEFENDANTS
## VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

55. Plaintiff, hereby incorporates the allegations contained in the aforementioned paragraphs, inclusive, as though set forth at length herein.

56. Defendants, and each of them, subjected Plaintiff to discrimination, which was severe, pervasive, and which unreasonably interfered with the Plaintiff's right to reasonable housing accommodations, and which constituted an unlawful housing practice in violation of N.J.S.A. 10:5-29.2.

57. Defendants, and each of them, were aware of, and/or showed reckless disregard for the fact that Plaintiff requested and required the necessary repairs and remedies to her domicile discrimination in violation of N.J.S.A. 10:5-29.2.

58. Defendants' violation of the New Jersey Law Against Discrimination included but was not limited to refusing to accommodate Plaintiff, allowing the mold related conditions to persist, refusing to change carpeting, refusing to honor requests regarding the limitation of maintenance workers and refusing to repair the necessary appliance units.

59. As a direct result of Defendants' unlawful housing practices, Plaintiff has endured physical and emotional harm and/or injury, mental anguish, humiliation and loss of income due to moneys expended to make necessary repairs.

WHEREFORE, Plaintiff, Linda Evans, demands judgment against Defendants, Paramount Properties Land VIII LLC., Paramount Homes LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 for compensatory damages, including but not limited to front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such as seniority and entitlement, injunctive relief including but not limited to barring future

discriminatory conduct; punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as may be provided by statute and as this Court deems just.

## COUNT IV
## LINDA A. EVANS vs. ALL DEFENDANTS
## VIOLATION OF THE FAIR HOUSING ACT (FHA) (42 U.S.C. § 3604)

60.    Plaintiff, hereby incorporates the allegations contained in the aforementioned paragraphs, inclusive, as though set forth at length herein.

61.    The FHA prohibits discrimination in the sale or rental of housing, or in the terms, conditions, or privileges of rental, based on protected characteristics, including disabilities.

62.    Defendants' failure to remediate the mold-related and other failing conditions constitutes a violation of 42 U.S.C. § 3604(b), as it denies Plaintiff the full use and enjoyment of their housing on the basis of their protected class.

63.    Defendants' actions and omissions have had a discriminatory impact on Plaintiff, as a disabled person are disproportionately affected by mold-related conditions and the health issues they cause.

64.    Defendants have failed to articulate a legitimate, nondiscriminatory reason for their failure to remediate the mold-related conditions.

65.    As a direct result of Defendants' unlawful housing practices, Plaintiff has endured physical and emotional harm and/or injury, mental anguish, humiliation and loss of income due to moneys expended to make necessary repairs.

WHEREFORE, Plaintiff, Linda Evans, demands judgment against Defendants, Paramount Properties Land VIII LLC., Paramount Homes LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 for compensatory damages, including but not limited to

front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such as seniority and entitlement, injunctive relief including but not limited to barring future discriminatory conduct; punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as may be provided by statute and as this Court deems just.

**COUNT V**
**LINDA A. EVANS vs. ALL DEFENDANTS**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)**

66.	Plaintiff, hereby incorporates the allegations contained in the aforementioned paragraphs, inclusive, as though set forth at length herein.

67.	At all times material hereto, Plaintiff and Plaintiff's doctors made the Defendants aware of Plaintiff's disabilities and Defendant's ignored same.

68.	Plaintiff's medical conditions, such as asthma, pulmonary disease and potentially fatal allergies, are covered under the ADA, and as such, Plaintiff has a recognized disability for which she was entitled to a reasonable accommodation.

69.	The conduct of Defendants and their treatment of Plaintiff in her housing accommodations violated the "ADA" as Defendant's failure to make necessary repairs to the subject premises was in complete disregard of Plaintiff's disabilities.

WHEREFORE, Plaintiff, Linda Evans, demands judgment against Defendants, Paramount Properties Land VIII LLC., Paramount Homes LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 for compensatory damages, including but not limited to front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such as seniority and entitlement, injunctive relief including but not limited to barring future discriminatory conduct; punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as may be provided by statute and as this Court deems just.

## COUNT VI
## LINDA A. EVANS vs. ALL DEFENDANTS
## BREACH OF THE IMPLIED WARRANT OF HABITABILITY

70.     Plaintiff, hereby incorporates the allegations contained in the aforementioned paragraphs, inclusive, as though set forth at length herein.

71.     New Jersey courts have consistently held that residential leases contain an implied warranty of habitability requiring landlords to provide and maintain premises that are safe, sanitary, and fit for human habitation.

72.     Throughout Plaintiff's tenancy she has been subject to multiple violations of said warrant: including persistent mold related conditions, non-suitable appliances, privacy violations and failures to remove carpeting that could damage Plaintiff's health.

73.     These conditions rendered the subject premises unsafe, unsanitary and unfit for human habitation.

74.     Plaintiff provided Defendants with actual and constructive notice of these conditions and Defendants failed to make adequate repairs.

75.     Defendant's continuous failure to correct these issues constitute a breach of the implied warrant of habitability.

WHEREFORE, Plaintiff, Linda Evans, demands judgment against Defendants, Paramount Properties Land VIII LLC., Paramount Homes LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 for compensatory damages, including but not limited to front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such as seniority and entitlement, injunctive relief including but not limited to barring future discriminatory conduct; punitive damages, attorneys' fees, interest, costs of suit, and such other

and further relief as may be provided by statute and as this Court deems just.

**COUNT VII**
**LINDA A. EVANS vs. ALL DEFENDANTS**
**VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**

76.    Plaintiff, hereby incorporates the allegations contained in the aforementioned paragraphs, inclusive, as though set forth at length herein.

77.    The LAD prohibits bias-based harassment in housing, including sexual harassment.

78.    Defendants' employees subjected Plaintiff to harassment, including sexual harassment, which was severe, pervasive, and which unreasonably interfered with the Plaintiff's right to safe and secure housing, and which constituted an unlawful housing practice in violation of N.J.S.A. 10:5-29.2.

79.    Defendants were aware of, and/or showed reckless disregard for the fact that employees of Defendants were engaging in harassment of Plaintiff which included sexual harassment, spying and surveillance in violation of N.J.S.A. 10:5-29.2.

80.    Defendants' violation of the New Jersey Law Against Discrimination included but was not limited to sexual harassment, spying and surveillance.

81.    As a direct result of Defendants' unlawful housing practices, Plaintiff has endured physical and emotional harm and/or injury, mental anguish, and humiliation.

WHEREFORE, Plaintiff, Linda Evans, demands judgment against Defendants, Paramount Properties Land VIII LLC., Paramount Homes LLC., Paramount Escapes Ocean Breeze, and XYZ Corporation #1-10 for compensatory damages, including but not limited to front and back pay, equitable relief such as reinstatement to rightful place, retroactive relief such

as seniority and entitlement, injunctive relief including but not limited to barring future discriminatory conduct; punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as may be provided by statute and as this Court deems just.

SAFFREN & WEINBERG

By: _____

Marc A. Weinberg, Esquire

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, LINDA EVANS, hereby demands trial by jury on all issues.

Dated: *February 13, 2026*

MARC A. WEINBERG, ESQUIRE

*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO RULE 4:5-1(B)(2)

1. The undersigned hereby certifies that this matter in controversy herein is not, at present, the subject of any other action pending in any other court or arbitration proceeding. Furthermore, no other action or arbitration proceedings are contemplated at this time. To the best of my knowledge, there are no other parties who should be joined in this litigation at this time.

2. The undersigned certifies that the foregoing statements made by me are true to the best of my knowledge, information and belief. I am aware if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: *February 13, 2026*

MARC A. WEINBERG, ESQUIRE

*Attorney for Plaintiff*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-1, MARC A. WEINBERG, ESQ., is hereby designated as trial counsel for Plaintiff, LINDA EVANS.

Dated: *February 13, 2026*

MARC A. WEINBERG, ESQUIRE

*Attorney for Plaintiff*